# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BILLY DALE CARTER, § | | |
|     Petitioner, § | | |
| § | | |
| V. § | A-09-CA-556-SS | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Dept. of § | | |
| Criminal Justice-Correctional § | | |
| Institutions Division, § | | |
|     Respondent. § | | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss (Document 10); Petitioner's Request for a New Parole Hearing (Document 12); Petitioner's Response to Respondent's Motion (Document 13); Petitioner's Request for Reinstatement of His Request for an Evidentiary Hearing (Document 14); and Petitioner's Application for Writ of Mandamus (Document 15). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the

undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part, and Petitioner's motions should be denied.

## STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause number 0920999. Petitioner was convicted of robbery and was sentenced to 25 years of imprisonment on July 8, 1992. Petitioner was released on parole most recently on July 2, 2003. Petitioner's parole was revoked, and he returned to TDCJ custody on June 3, 2005. Petitioner does not challenge his holding conviction. Rather, he challenges the parole review procedures of TDCJ.

Petitioner made these same challenges in a state application for habeas corpus relief. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on July 1, 2009. Ex parte Carter, Appl. No. 18,231-12.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The Board of Pardons and Paroles (the "Board") has improperly attempted to impose Special Condition X on his parole release;

2. The Board committed an abuse of process by writing in his parole file that he had a charge against him for aggravated sexual assault and injury to an elderly; and

3. He cannot receive a fair parole hearing because the Board is biased.

C.   **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

A.   **Habeas Claims**

Respondent argues Petitioner's claims are not cognizable in an application for habeas corpus relief, because Petitioner is challenging parole procedures. Respondent suggests Petitioner should have raised his claims in a civil rights complaint.

The Fifth Circuit Court of Appeals explained in Cook v. Texas Dept. Of Crim. Justice Transitional Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994) that "[s]ection 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." However, if a prisoner is challenging the result of a single defective parole hearing or is challenging a parole board's rules and procedures that affect a prisoner's release and resolution would automatically entitle the plaintiff to accelerated release, then the challenge must be pursued by writ of habeas corpus. Id. See also Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). To the extent Petitioner is challenging his 2008 parole review his claims are cognizable in this habeas proceeding. To the extent Petitioner is generally challenging the procedures of the Board those claims should be raised in a civil rights complaint.

B.   **Special Condition X**

Petitioner asserts he has never been convicted of any sex-related offense. Nevertheless, Petitioner alleges the Board is attempting to place Special Condition X as a stipulation to his parole

3

release. The state court records reflect Petitioner was provided notice on July 11, 2007, that the Board was considering the imposition of Special Condition X (sex offender conditions). Ex parte Carter, Appl. No. 18,231-12 at 63 (Pickell Affidavit). Petitioner was reviewed for parole on January 8, 2008, and was denied release. Id. at 62. Petitioner's next parole review is scheduled for January 2010. Id. Petitioner asserts he received another notice that Special Condition X is being considered. Pet. for Appl. for Writ of Mandamus at 3.

Because Petitioner has not been approved for parole and Special Condition X has not been imposed, Petitioner's claim is not ripe for review. The doctrine of "[r]ipeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.' " Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005) (citing National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 807-08, 123 S. Ct. 2026 (2003). Petitioner has presented no allegation of fact showing he will in fact, be paroled and what conditions will be imposed if he is paroled. Because Petitioner's claim is not yet ripe, there is no present case or controversy before the Court. Accordingly, Petitioner's claim should be dismissed for want of jurisdiction.

**C.     False Information and Bias**

Petitioner alleges Board members have misconstrued his criminal jacket. Petitioner explains a parole commissioner made a notation on his parole file that his aggravated sexual assault charge was reduced to aggravated assault. Petitioner argues the aggravated sexual assault charge was dismissed based on DNA evidence. He further asserts the commissioner made a notation that

4

Petitioner hit his dad with a beer in relation to an injury to elderly charge. Petitioner further alleges he cannot receive a fair parole hearing, because of "bias, discriminatory, prejudicial, harmful and incriminating notations" in his parole file.

As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir.), cert. denied, 522 U.S. 995, 118 S. Ct. 559 (1997) (citations omitted). Because Texas prisoners have no liberty interest in parole, they cannot challenge any state parole review procedure on procedural (or substantive) Due Process grounds. Id. (citations omitted). In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because Petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.1995); see also Johnson v. Martinez, 110 F.3d 299, 308-09 & n. 13 (5th Cir.) (rejecting Texas prisoner's due process claim alleging "that the Board considers unreliable or false information in making parole determinations" because a prisoner possesses no liberty interest in state parole procedures), cert. denied, 522 U.S. 995, 118 S. Ct. 559 (1997). Accordingly, Petitioner's claims for habeas corpus relief should be denied.

**D. Miscellaneous Motions**

Petitioner moves the Court to order a new parole hearing and to order TDCJ to correct his parole file. He further moves the Court to hold an evidentiary hearing. As explained above, Petitioner is not entitled to habeas corpus relief, and thus, is not entitled to a new parole hearing. Petitioner also has failed to plead allegations that would entitle him to an evidentiary hearing. Accordingly, his motions and request for mandamus relief should be denied.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss (Document 10) be granted, Petitioner's application for writ of habeas corpus (Document 1) be dismissed in part and denied in part, and Petitioner's Request for New Parole Hearing (Document 12), Request for Reinstatement of His Request for Evidentiary Hearing (Document No. 14), and Petition for Application for Writ for Mandamus (Document 15) be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court

rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

7

district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of January, 2010.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE